IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SANCHEZ, et al.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>J.C. PENNEY PROPERTIES, INC.,<br>et al.,<br><br>　　　　　Defendant. | No. CV-F-07-670 OWW/NEW (TAG)<br><br>ORDER DENYING DEFENDANT'S MOTION TO STRIKE PRAYER FOR PUNITIVE DAMAGES (Doc. 5) |

　　On April 20, 2007, plaintiffs Sara Sanchez and Jess Sanchez filed a Complaint for Damages in the Fresno County Superior Court. Defendants are J.C. Penney Properties, Inc. and Does 1-100. The action was removed to this Court on May 3, 2007 on the basis of diversity of citizenship.

　　The Complaint alleges causes of action for negligence, negligent infliction of emotional distress, and loss of consortium. The Complaint alleges in pertinent part that Sara was shopping at the J.C. Penney's at Fashion Fair Mall in Fresno

1

on March 4, 2007; that Defendant "so carelessly and negligently owned, controlled, maintained, and inspected the premises as to allow floor tile near the shoe department to reach such an advanced state of deterioration that it was unsafe for persons to walk on the floor, exposing all patrons to a dangerous condition for an unreasonable period of time [;]" that "the deteriorated and dangerous condition of the floor was known, or in the exercise of ordinary and reasonable care would have been known, to defendants ... in adequate time for a reasonably prudent person to warn of, or to repair and make safe, the condition"; and that Sara fell where the tile was broken and missing, sustaining severe injuries that will result "in some permanent disability to her".  Paragraph 13 of the Complaint alleges:

> SARA is informed and believes and thereon alleges that Defendants, and each of them, know that the tile floor was in disrepair, causing a dangerous condition to customers and employees; that Defendants, and each of them, knew that because of the dangerous condition of the floor, that customers and employees could not safely walk across the floor; that Defendants, and each of them, knowing that area of the floor was in disrepair and was dangerous, in willful and conscious disregard to the safety of the public, failed to warn, repair, or make safe the dangerous condition of the floor without warning the unknowing customers and employees of the dangerous condition, and knew, or should have known, that based on its unreasonable conduct, it was highly probable that harm would result.  In doing the things aforementioned, Defendants, and each of them, was guilty of malice, oppression, and fraud, and SARA is, therefore, entitled to recover exemplary or punitive damages under California *Civil Code* section 3294.

1  Defendant J.C. Penney Properties, Inc. moves pursuant to
2 Rule 12(f), Federal Rules of Civil Procedure, to strike Paragraph
3 13 and the prayer for punitive damages.
4     A.   **Pleading of Punitive Damages**.
5     Rule 12(f) provides in pertinent part that the Court "may
6 order stricken from any pleading any insufficient defense or any
7 redundant, immaterial, impertinent, or scandalous matter."
8 Motions to strike are disfavored and infrequently granted. *Neveu*
9 *v. City of Fresno,* 392 F.Supp.2d 1159, 1170 (E.D.Cal.2005). A
10 motion to strike should not be granted unless it is clear that
11 the matter to be stricken could have no possible bearing on the
12 subject matter of the litigation. *Id.* The function of a Rule
13 12(f) motion to strike is to avoid the expenditure of time and
14 money that might arise from litigating spurious issues by
15 dispensing with those issues prior to trial. *Fantasy, Inc. v.*
16 *Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other*
17 *grounds*, 510 U.S. 517 (1994).
18     Defendant contends that "[w]hen a federal court sits in
19 diversity, it must look to the forum state's choice of law rules
20 to determine the controlling substantive law." *Patton v. Cox*,
21 276 F.3d 493, 495 (9th Cir.2003). However, Defendant then relies
22 on California cases concerning the adequacy of pleading claims
23 supporting a claim for punitive damages and argues that the
24 Complaint here does not satisfy those standards.
25     Defendant's position is incorrect. *Clark v. Allstate Ins.*
26 *Co.*, 106 F.Supp.2d 1016, 1018-1019 (S.D.Cal.2000), rejected the

3

same argument in denying a motion to strike:

> Allstate points to several California decisions that subject punitive damage prayers to a heightened pleading standard. These decisions generally require a plaintiff to allege specific evidentiary facts to support allegations of malice, oppression or fraudulent intent ... Citing these cases, Allstate argues that Plaintiff 'must allege specific *facts* that actually show oppression, fraud or malice to support the punitive damages claim ...  Allstate claims Plaintiff's complaint does not provide the factual specificity required by California law, requiring the Court to strike the prayer for punitive damages.
>
> ...
>
> It is well-established that federal courts sitting in diversity must apply state substantive law and *federal* procedural rules ... Where state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules - not state law ....
>
> Although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rule 8 and 9 of the Federal Rules of Civil Procedure ... Specifically, Rule 8(a) requires only that Plaintiff's Complaint include 'a short and plain statement of the claim showing that [Plaintiff] is entitled to relief, and ... a demand for judgment for the relief he seeks.' ... The second sentence of Rule 9(b) further provides that '[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally.' ... As interpreted by the Ninth Circuit, this provision 'does not require "*any* particularity in connection with an averment of intent, knowledge or condition of the mind.' ... In federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.

> Indeed, several federal district courts in California ... have upheld conclusory assertions that a defendant acted intentionally, with 'malice,' or with 'conscious disregard' as adequate to plead the mental state required under Section 3294 ... Thus, Plaintiff need not plead evidentiary facts to support his contention that Allstate had the mental state required to impose punitive damages under Section 3294.

In its reply brief, Defendant contends that the burden of proof or burden of persuasion is "substantive" for purposes of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Defendant cites Schwarzer, *Federal Civil Procedure Before Trial,* § 1:334: "The higher standard of proof required by state law for punitive damages most likely is 'substantive' for *Erie* purposes (and thus applicable in federal diversity actions." California Code of Civil Procedure § 3294(a) requires that proof by clear and convincing evidence that the defendant acted with malice, oppression or fraud. Defendant cites *Adams v. Allstate Ins. Co.*, 187 F.Supp.2d 1219, 1231 (C.D.Cal.2002) and *Perez-Encinas v. AmerUS Life Ins. Co.*, 468 F.Supp.2d 1127, 1139 (N.D.Cal.2006), both of which hold that "[t]his higher clear and convincing evidentiary standard applies at every stage of the litigation process, including summary adjudication."

Application of a burden of proof in a diversity action does address the pleading requirements for a diversity action in federal court. The pleading requirements are governed by Rule 8 as construed and applied by federal courts. Defendant's reliance on standard of proof cases to support striking the punitive

damages claim is without merit.

B. <u>Sufficiency of Complaint</u>.

Defendant further argues that the allegations of the Complaint do not satisfy the requirements of Rule 8. Defendant cites *Wilkerson v. Butler*, 229 F.R.D. 166, 170-171 (E.D.Cal.2005):

> A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give 'fair notice' of the claim being asserted and the 'grounds upon which it rests.' ... Although a complaint need not outline all elements of a claim, '[i]t must be possible ... for an inference to be drawn that these elements exist.' ... Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly ... A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim.

*Wilkerson* cited *Jones v. Community Redevelopment Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir.1984), a case discussing the sufficiency of pleading to withstand a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Defendant, relying on these cases, argues:

> [W]hile Plaintiff alleges minimal plain facts, there are only unsupported allegations that the Defendants 'knew that the tile floor was in disrepair, causing a dangerous condition to customers and employees ... and knew that because of the dangerous condition of the floor, that customers and employees could not safely walk across the floor ....' ... Nowhere in this paragraph alleging punitive damages do the Plaintiffs present

>any 'facts', plain or otherwise, that
>demonstrate the tile was in disrepair, let
>alone in such disrepair that the defendants
>'knew' it was in disrepair and caused
>significant harm to employees and customers,
>as the law requires.

Defendant further asserts that Plaintiffs cannot plead claims based on negligence and then support a punitive damages claim with conclusory language because these allegations do not provide the clear and convincing evidence required to substantiate punitive damages.

Defendant's Rule 8 position is equally without merit. Defendant incorrectly conflates pleading requirements with proof requirements. Further, Rule 8(e)(2) provides in pertinent part:

>A party may set forth two or more statements
>of a claim ... alternately or hypothetically,
>either in one count ... or in separate counts
>... When two or more statements are made in
>the alternative and one of them if made
>independently would be sufficient, the
>pleading is not made insufficient by the
>insufficiency of one or more of the alternate
>statements.  A party may also state as many
>separate claims ... as the party has
>regardless of consistency ... All statements
>shall be made subject to the obligations set
>forth in Rule 11.

Rule 8(e)(2) allows the pleading of alternative or inconsistent claims.

Further, although "[i]t has long been held the rule that conduct classified only as unintentional carelessness, while it may constitute negligence, will not support an award of support an award of punitive damages ..., a nonintentional tort can have the characteristics of an intentional tort to the extent of

7

embracing the concept of malice as used in Civil Code section 3294." *Nolan v. National Convenience Stores, Inc.*, 95 Cal.App.3d 279, 286-286 (1979), citing *Donnelly v. Southern Pacific Co.*, 18 Cal.2d 863, 869-870 (1941)  "Nonintentional conduct comes within the definition of malicious acts punishable by the assessment of punitive damages when a party intentionally performs an act from which he knows, or should know, it is highly probable harm will result."   *Ford Motor Co. v. Home Ins. Co.*, 116 Cal.App.3d 374, 381 (1981).

Defendant argues that these cases are not relevant to resolution of the motion to strike because they involved the sufficiency of proof of punitive damages.  However, as stated above, the issue before the Court is the adequacy of pleading, not proof.  Nonetheless, *Nolan* and *Ford Motor Co.* are authority that punitive damages may be claimed if Plaintiffs establish that Defendant knew of the dangerous condition of the floor and failed to correct it.[1]

Plaintiffs' Complaint satisfies the pleading standards set

---

[1] Defendant asserts that Plaintiffs' photographic evidence taken after the accident, apparently provided in discovery, does not establish that Defendant knew of the allegedly dangerous condition before the accident.  This is extraneous to the pleadings and is a matter of proof, not pleading.
Defendant also argues that, if the motion to strike is granted, it should be without leave to amend because "Plaintiff's plain facts and/or any further investigation cannot produce facts that demonstrate Defendant engaged in malice and/or conscious disregard at a clear and convincing evidence standard" and that "[t]o allow ... leave to amend would only continue the cycle of inappropriate pleading and motions, as well as a perpetuation of scandalous allegations."

forth in Rules 8 and 9, Federal Rules of Civil Procedure, and alleges conduct from which it is arguable punitive damages may be awarded.

## CONCLUSION

For the reasons stated above, Defendant's motion to strike the prayer for punitive and exemplary damages is DENIED.

IT IS SO ORDERED.

**Dated:   July 30, 2007**                    /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE