1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   EASTERN DISTRICT OF CALIFORNIA

8

9  SARA SANCHEZ, an individual, and )   1:07-cv-0670 OWW WMW
   JESS SANCHEZ, an individual,    )
10                                  )   SCHEDULING CONFERENCE ORDER
                                    )
11            Plaintiffs,           )   Discovery Cut-Off: 1/7/08
                                    )
12       v.                         )   Non-Dispositive Motion
                                    )   Filing Deadline: 1/11/08
   J.C. PENNEY PROPERTIES, INC.,    )
13                                  )
              Defendant.            )   Dispositive Motion Filing
14                                  )   Deadline: 2/7/08
   _____ )
15                                      Settlement Conference Date:
                                        3/18/08 10:00 Ctrm. 8
16
                                        Pre-Trial Conference
17                                      Date: 4/21/08 11:00 Ctrm. 3

18                                      Trial Date:  6/3/08 9:00
                                        Ctrm. 3 (JT-6 days)
19

20

21  I.    Date of Scheduling Conference.

22        September 5, 2007.

23  II.   Appearances Of Counsel.

24        Law Offices of Ken Fitzgerald by Ken Fitzgerald, Esq.,

25  appeared on behalf of Plaintiffs.

26        McCormick, Barstow, Sheppard, Wayte & Carruth LLP by Kirsten

27  K. Corey, Esq., appeared on behalf of Defendant.

28  ///

                                  1

III.   Summary of Pleadings.

   1.   Plaintiff, Sara Sanchez, alleges that she was injured when she tripped and fell on cracked tile at the JC Penney store at Fashion Fair Mall at Fresno, California, within the Eastern District of California.  She alleges that Defendant negligently allowed the dangerous condition of the tile to exist on the floor, causing her to fall.  Plaintiff alleges that Defendant knew or should have known of the dangerous condition, and should have fixed the condition before Plaintiff's injury.  Plaintiff further alleges that Defendants did know of the disrepair of the tile before Plaintiff fell, and engaged in willful and conscious disregard for the safety of others, giving rise to punitive damages under Civil Code Section 3294.  Plaintiff, Jess Sanchez, alleges that he is the husband of Plaintiff Sara Sanchez, and that he has suffered emotional distress and a loss of consortium due to the injuries to Plaintiff, Sara Sanchez.  Sara Sanchez's alleged injuries involve physical injuries due to her fall, as well as a prolonged hospital stay, including periods of time she was in a coma, due to alleged complications caused by infections to pre-existing medical conditions.  General damages and special damages constituting medical expenses are alleged as well as the punitive damages.

   2.   Defendants deny that they knew or should have known of the cracked tile where Plaintiff allegedly fell.  Defendants further deny that Plaintiff fell, or tripped, over the allegedly cracked tile.  Defendants deny that the cracked tile itself is a dangerous condition, noting the doctrine of trivial defect and further note that any and all tile conditions were open and

obvious.   Defendants deny causation for any complicating factors,
including the prolonged hospital stay and coma, which appear to
be related to a pre-existing illness unrelated to the fall.
Defendants further assert that this case is entirely
inappropriate for the application of punitive damages.

IV.   Orders Re Amendments To Pleadings.

1.   The parties agree Defendant shall have through and
including October 5, 2007, to join any potential indemnitors,
including Johnson Controls, Inc., who contracted with Defendant
to provide services at the store in question.

V.   Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further
Proceedings.

1.   That Plaintiff Sara Sanchez fell in the JC Penney
store at Fashion Fair Mall on or about March 4, 2007.

2.   That Fashion Fair Mall is located at 555 East Shaw
Avenue, Fresno, California.

3.   That Jess Sanchez was with Sara Sanchez when she
fell.

4.   Plaintiffs Sara Sanchez and Jess Sanchez,
individuals, are residents of the State of California.

5.   JC Penney Properties, Inc., is a Delaware
corporation with its principal place of business in Texas.

B.   Contested Facts.

1.   That Plaintiff, Sara Sanchez, tripped over a crack
or defect in the tile floor.

2.   That a dangerous condition to the tile existed
before or after Plaintiff, Sara Sanchez, fell.

3

1          3.    That Defendant had notice of any dangerous

2  conditions.

3          4.    That Plaintiff's injuries are related to, or

4  caused by, Plaintiff's fall.

5          5.    All issues of liability, causation and damages,

6  factual and legal, as related to this incident.

7  VI.   Legal Issues.

8      A.    Uncontested.

9          1.    Jurisdiction exists under 28 U.S.C. § 1332.

10          2.    Venue is proper under 28 U.S.C. § 1392(b).

11          3.    The parties agree that the substantive law of the

12  State of California provides the rule of decision in this

13  diversity action.

14      B.    Contested.

15          1.    Whether there is any negligence or liability of

16  any kind on the part of Defendant.

17          2.    Whether there is any intentional or reckless

18  conduct giving rise to any form of punitive damages against

19  Defendant.

20          3.    Whether any or all of Plaintiff's injuries were

21  caused by Defendant, and/or caused at all by Plaintiff's fall,

22  under the legal doctrine of causation.

23          4.    Whether Plaintiff has a pre-existing condition

24  which has caused her alleged damages.

25          5.    The reasonableness and necessity, as well as

26  reasonable cost, of all the Plaintiffs' alleged damages and

27  injuries, including reductions to amounts paid for medical

28  billings.

1    6.    Whether there was any negligent infliction of
2 emotional distress and/or whether there is an appropriate loss of
3 consortium claim.

4    7.    Whether any alleged defect existed, and whether
5 there was notice of the same to Defendants (by law).

6    8.    Whether the alleged tile conditions amount to a
7 trivial defect.

8    9.    Whether the alleged defects in the tile were open
9 and obvious.

10    10.    Comparative fault on the part of Plaintiff, Sara
11 Sanchez, or contributory negligence on the part of Jess Sanchez.

12    11.    Potential contributory negligence and indemnity,
13 contribution and apportionment of fault, as well as contractual
14 and express indemnity, on the part of other third parties,
15 including but not limited to Johnson Controls, Inc.
16 VII. Consent to Magistrate Judge Jurisdiction.

17    1.    The parties have not consented to transfer the
18 case to the Magistrate Judge for all purposes, including trial.
19 VIII.    Corporate Identification Statement.

20    1.    Any nongovernmental corporate party to any action in
21 this court shall file a statement identifying all its parent
22 corporations and listing any entity that owns 10% or more of the
23 party's equity securities.  A party shall file the statement with
24 its initial pleading filed in this court and shall supplement the
25 statement within a reasonable time of any change in the
26 information.

27 IX.  Discovery Plan and Cut-Off Date.

28    1.    The parties shall make their initial disclosures under

5

1  Rule 26(a) on or before September 10, 2007.

2      2.    There are no changes, limitations or expansions to the

3  discovery limits imposed by the Federal Rules of Civil Procedure.

4      3.    The parties are ordered to complete all discovery on or

5  before January 7, 2008.

6      4.    The parties are directed to disclose all expert

7  witnesses, in writing, on or before January 10, 2008.  Any

8  rebuttal or supplemental expert disclosures will be made on or

9  before February 11, 2008.  The parties will comply with the

10  provisions of Federal Rule of Civil Procedure 26(a)(2) regarding

11  their expert designations.  Local Rule 16-240(a) notwithstanding,

12  the written designation of experts shall be made pursuant to F.

13  R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all

14  information required thereunder.  Failure to designate experts in

15  compliance with this order may result in the Court excluding the

16  testimony or other evidence offered through such experts that are

17  not disclosed pursuant to this order.

18      5.    The provisions of F. R. Civ. P. 26(b)(4) shall

19  apply to all discovery relating to experts and their opinions.

20  Experts may be fully prepared to be examined on all subjects and

21  opinions included in the designation.  Failure to comply will

22  result in the imposition of sanctions.

23  X.    Pre-Trial Motion Schedule.

24      1.    All Non-Dispositive Pre-Trial Motions, including any

25  discovery motions, will be filed on or before January 11, 2008,

26  and heard on February 15, 2008, at 9:00 a.m. before Magistrate

27  Judge William M. Wunderlich in Courtroom 8.

28      2.    In scheduling such motions, the Magistrate

                                6

Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than February 7, 2008, and will be heard on March 10, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

1.   April 21, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Trial Date.

1.   June 3, 2008, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   This is a jury trial.

3.   Counsels' Estimate Of Trial Time:

a.   6 days.

7

1    **4.    Counsels' attention is directed to Local Rules**
2    **of Practice for the Eastern District of California, Rule 285.**
3    **XIII.      Settlement Conference.**

4    **1.    As to settlement, the parties have agreed to mediate**
5    **before a local private mediator.  A court annexed settlement**
6    **conference is set for March 18, 2008, before Magistrate Judge**
7    **William M. Wunderlich at 10:00 a.m. in Courtroom 8.**

8    **2.    Unless otherwise permitted in advance by the**
9    **Court, the attorneys who will try the case shall appear at the**
10   **Settlement Conference with the parties and the person or persons**
11   **having full authority to negotiate and settle the case on any**
12   **terms at the conference.**

13   **3.    Permission for a party [not attorney] to attend**
14   **by telephone may be granted upon request, by letter, with a copy**
15   **to the other parties, if the party [not attorney] lives and works**
16   **outside the Eastern District of California, and attendance in**
17   **person would constitute a hardship.  If telephone attendance is**
18   **allowed, the party must be immediately available throughout the**
19   **conference until excused regardless of time zone differences.**
20   **Any other special arrangements desired in cases where settlement**
21   **authority rests with a governing body, shall also be proposed in**
22   **advance by letter copied to all other parties.**

23   **4.    Confidential Settlement Conference Statement.**
24   **At least five (5) days prior to the Settlement Conference the**
25   **parties shall submit, directly to the Magistrate Judge's**
26   **chambers, a confidential settlement conference statement.  The**
27   **statement should not be filed with the Clerk of the Court nor**
28   **served on any other party.  Each statement shall be clearly**

**8**

1  marked "confidential" with the date and time of the Settlement

2  Conference indicated prominently thereon.  Counsel are urged to

3  request the return of their statements if settlement is not

4  achieved and if such a request is not made the Court will dispose

5  of the statement.

6       5.    The Confidential Settlement Conference

7  Statement shall include the following:

8            a.    A brief statement of the facts of the

9  case.

10           b.    A brief statement of the claims and

11 defenses, i.e., statutory or other grounds upon which the claims

12 are founded; a forthright evaluation of the parties' likelihood

13 of prevailing on the claims and defenses; and a description of

14 the major issues in dispute.

15           c.    A summary of the proceedings to date.

16           d.    An estimate of the cost and time to be

17 expended for further discovery, pre-trial and trial.

18           e.    The relief sought.

19           f.    The parties' position on settlement,

20 including present demands and offers and a history of past

21 settlement discussions, offers and demands.

22 XIV. Request For Bifurcation, Appointment Of Special Master,

23 Or Other Techniques To Shorten Trial.

24      1.    None.

25 XV.  Related Matters Pending.

26      1.    There are no related matters.

27 XVI. Compliance With Federal Procedure.

28      1.    The Court requires compliance with the Federal

1  Rules of Civil Procedure and the Local Rules of Practice for the

2  Eastern District of California.  To aid the court in the

3  efficient administration of this case, all counsel are directed

4  to familiarize themselves with the Federal Rules of Civil

5  Procedure and the Local Rules of Practice of the Eastern District

6  of California, and keep abreast of any amendments thereto.

7  XVII.     Effect Of This Order.

8       1.    The foregoing order represents the best

9  estimate of the court and counsel as to the agenda most suitable

10 to bring this case to resolution.  The trial date reserved is

11 specifically reserved for this case.  If the parties determine at

12 any time that the schedule outlined in this order cannot be met,

13 counsel are ordered to notify the court immediately of that fact

14 so that adjustments may be made, either by stipulation or by

15 subsequent scheduling conference.

16      2.    Stipulations extending the deadlines contained

17 herein will not be considered unless they are accompanied by

18 affidavits or declarations, and where appropriate attached

19 exhibits, which establish good cause for granting the relief

20 requested.

21      3.    Failure to comply with this order may result in

22 the imposition of sanctions.

23

24 IT IS SO ORDERED.

25 Dated:    September 7, 2007          /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE
26

27

28

10